UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANTOS CUEVAS,<br><br>        Petitioner,<br><br>v.<br><br>TYRELL DAVIS,<br><br>        Respondent. | Case No. 1:25-cv-00661-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Santos Cuevas, an inmate in the custody of the Oregon Department of Correction, has filed a Petition for Writ of Habeas Corpus.[1] *See* Dkt. 1. The Court must review each habeas corpus petition upon receipt to determine whether the petition is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4.

1. **Petitioner's Motion for Recusal**

As an initial matter, the Court must address Petitioner's request for recusal. This case was originally assigned to a United States Magistrate Judge. Because not all parties

---

[1] Petitioner has submitted a filing suggesting that he does not intend to proceed as a habeas petitioner, but, instead, attempted to file on behalf of another. *See* Dkt. 16. If this is correct, Petitioner may file a Notice of Voluntary Dismissal in this case.

INITIAL REVIEW ORDER - 1

had consented to the jurisdiction of a magistrate judge, the case was recently reassigned to the undersigned judge. *See* Dkt. 11.

Recusal, or disqualification, of judges is governed by 28 U.S.C. §§ 144[2] and 455.[3] Petitioner has not shown that either section—or any case interpreting those sections—applies in this case. Disqualification is not required where only vague allegations of bias and prejudice are asserted, or where those allegations arise from the adjudication of claims or cases by the court during the course of litigation. Such alleged errors are "the basis for appeal, not recusal." *Focus Media, Inc. v. Nat'l Broadcasting Co. (In re Focus Media, Inc.)*, 378 F.3d 916, 930 (9th Cir. 2004).

---

[2] Section 144 provides that a judge must recuse himself or herself from a case "[w]henever a party to any proceeding … makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."

[3] Section 455 provides as follows:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
   (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
   (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
      (i)   Is a party to the proceeding, or an officer, director, or trustee of a party;
      (ii)  Is acting as a lawyer in the proceeding;
      (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
      (iv)  Is to the judge's knowledge likely to be a material witness in the proceeding.

INITIAL REVIEW ORDER - 2

Petitioner alleges that the undersigned should be disqualified from presiding over this matter because the case was not initially assigned to the undersigned. However, the assignment of habeas cases to a magistrate judge is authorized by General Order 457. There is nothing improper about initially assigning cases to magistrate judges. Absent consent of all parties, magistrate judges do not have jurisdiction to enter dispositive orders or certain other orders, like those resolving a motion for a preliminary injunction. *See* 28 U.S.C. § 636(b)(1)(A), (c). However, magistrate judges do have jurisdiction to handle pretrial matters even if all parties do not consent.

Further, to the extent Petitioner's request for recusal is based on the order of reassignment, this is not an appropriate basis for disqualification. *See In re Focus Media, Inc.*, 378 F.3d at 930. Petitioner has made no showing that the order was the "product[] of deep-seated favoritism or antagonism that made fair judgment impossible." *Id*. (internal quotation marks and alteration omitted). Therefore, Petitioner's request for disqualification will be denied for lack of a viable legal theory and lack of supporting evidence.

2.   **Review of Petition**

Petitioner has not complied with Habeas Rule 2(d), which requires that habeas petitions "substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule." The Petition is this case does neither.

Moreover, it is unclear whether Petitioner fully served his Idaho sentence before filing the instant Petition. Habeas relief is not available if the petitioner is not "*in custody* pursuant to the judgment of a State court" at the time he filed the petition. 28 U.S.C. §

INITIAL REVIEW ORDER - 3

2254(a) (emphasis added); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). If a petitioner has fully served his sentence for a conviction prior to the date he filed a habeas case challenging that conviction, the Court lacks subject matter jurisdiction over the petition. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[The petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions[] and therefore cannot bring a federal habeas petition directed solely at those convictions."). Even if a petitioner is in custody on a different conviction, the Court lacks jurisdiction if the petitioner has already fully served his sentence on the *challenged* conviction.

Accordingly, within 28 days after entry of this Order, Petitioner must file an amended petition complying with Rule 2(d) and explaining the status of Petitioner's Idaho conviction and sentence at the time the Petition was filed.

## ORDER

IT IS ORDERED:

1. Petitioner's request for recusal of the undersigned judge (Dkt. 15) is DENIED.

2. Petitioner's Motion to Amend (Dkt. 5) is GRANTED IN PART, to the extent that the Court has considered both the Petition and the content of the Motion to Amend in its initial review.

3. Petitioner has neither paid the $5.00 filing fee nor applied for in forma

INITIAL REVIEW ORDER - 4

      pauperis status. Petitioner must do one or the other within 28 days after entry of this Order.

4. Also within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Habeas Rule 2(d).

5. The Clerk of Court is directed to provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition. If Petitioner does not file a timely amended petition that complies with Rule 2(d) and establishes this Court's jurisdiction, this case may be dismissed without further notice.

6. Because an amended petition is required for Petitioner to proceed, Petitioner's Motion to Appoint Counsel (Dkt. 6) is DENIED without prejudice. Petitioner may renew his request for counsel in an amended petition.

7. Petitioner's "Emergency Motion … to Remove Court Clerk" (Dkt. 8) is DENIED as frivolous.

8. Petitioner's "Motion for All Parties to Agree to the Jurisdiction of a United States Magistrate" (contained in Dkt. 14) is DENIED. The Court has a system for agreeing to magistrate judge jurisdiction, and if all parties so agree, this case will be reassigned to a U.S. Magistrate Judge at a later date.

9. Petitioner's "Motion … of a Scheduling Order" (contained in Dkt. 14) is DENIED as premature. The Court will set a schedule if Petitioner proceeds on an amended petition as described in this Order.

10. Petitioner's "Second Motion to Recuse Judge Deborah K. Grasham or Remove Clerk Kenyon's Involvement" (contained in Dkt. 14) is DENIED for the same reasons as Petitioner's other motions on the same subject matter.

11. Petitioner's Motion to Estop Severance (Dkt. 16) is DENIED.

DATED: March 3, 2026

B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER - 6